UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

JOSHUA MICHAEL HAVENS                    CIVIL ACTION NO. 23-1255

                                         SECTION P
VS.
                                         JUDGE TERRY A. DOUGHTY

MOREHOUSE PARISH SHERIFF'S                MAG. JUDGE KAYLA D. MCCLUSKY
OFFICE, ET AL.


## REPORT AND RECOMMENDATION

Plaintiff Joshua Michael Havens, a prisoner at Morehouse Parish Jail proceeding pro se and in forma pauperis, filed this proceeding on approximately September 8, 2023, under 42 U.S.C. § 1983. He names the following defendants: Morehouse Parish Jail, Morehouse Parish Sheriff's Office, Corporal White, and an unidentified lieutenant.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff alleges that on January 4, 2023, an unidentified lieutenant trespassed on his property, "tazed" him, falsely arrested him, and failed to read him his *Miranda* rights. [doc. # 1, p. 4]. Plaintiff claims that his therapy dog and macaw died because the lieutenant did not check his property "for animals and send" his dog to a "rescue or dog pound[.]" [doc. #s 1, p. 5; 12, p. 1].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff claims, "No EMT showed at all."[2]  [doc. # 12, p. 1].

In an amended pleading, Plaintiff confirms that his claims of false arrest, tazing, lack of *Miranda* rights, and deceased therapy dog are the same as the claims that he included in a previous lawsuit, *Joshua Michael Havens v. Morehouse Parish Sheriff's Office, et al.*, 3:23-cv-1245 (W.D. La. 2023).

For relief, Plaintiff seeks (1) compensation for his lost therapy dog; (2) to enjoin defendants to "check properties for animals and send to animal rescue or dog pound [sic], [to] ensure proper procedures are followed"; (3) to enjoin defendants to read *Miranda* rights upon arrest; and (4) to enjoin defendants to provide him a Tibetan Mastiff.  [doc. #s 1, p. 5; 12, p. 1].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3]  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

---

[2] Presumably by EMT Plaintiff refers to an emergency medical technician.

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a

right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

 "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. Duplicative Claims

The Court should dismiss Plaintiff's claims as duplicative and, therefore, frivolous and malicious.

"IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events

which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); *see Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d)."). District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, Plaintiff's claims are substantially similar to, arise from the same series of events as, and involve many of the same facts as allegations in a proceeding that he filed before he initiated this proceeding. In *Joshua Michael Havens v. Morehouse Parish Sheriff's Office*, 3:23-cv-1245 (W.D. La. 2023), Plaintiff claimed: Lieutenant John Doe "tazed [him] in [his] head, stomach, arm, and shoulder"; Corporal White did not call an EMT; he was arrested and charged with aggravated assault of a police officer and resisting arrest; no one read him his *Miranda* rights; and his arrest "led to the death of [his] therapy dog" and his macaw.

As Plaintiff's claims are duplicative, frivolous, and malicious, the Court should dismiss them without prejudice to Plaintiff's right to prosecute the other pending, duplicative proceeding.[4] *See Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016) (observing that a dismissal

---

[4] That Plaintiff names different defendants in this proceeding does not change the result. *See Lewis*, 508 Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats the same factual allegations that [the plaintiff] asserted in his earlier case,

as duplicative should be without prejudice to the plaintiff's right to prosecute the duplicative

suit).

<u>Recommendation</u>

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Joshua Michael Havens'

claims be **DISMISSED WITHOUT PREJUDICE** to his right to prosecute the claims in his

other pending proceeding.  The claims should otherwise be **DISMISSED WITH PREJUDICE**

as duplicative, frivolous, and malicious.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by

this recommendation have **fourteen (14) days** from service of this Report and Recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another

party's objections within **fourteen (14) days** after being served with a copy of any objections or

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed. R.**

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

---

although he successively sued different defendants."); *Wesley v. LeBlanc*, 815 F. App'x 817, 818
(5th Cir. 2020) (affirming dismissal as duplicative and malicious where the plaintiff alleged that
a new defendant, who he did not name in prior lawsuits, was the only person who could
adequately afford him the relief he sought); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D.
La. Dec. 1, 2010).

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 29th day of December, 2023.

_____

Kayla Dye McClusky
United States Magistrate Judge